By the Court, Co wen, J.
The objection is, that in both pleas, Hasbrouck, who defends alone, has confined the statute of limitations to himself, without in terms extending it to both defendants; that he thus leaves the implication that it may not have run against the other defendant. WyckofF, it is said, may have promised within six years, which would avoid the statute as to both ; and leaving that to be implied, therefore, subverts the plea as to Hasbrouck. Admitting the objection to be equally applicable to both pleas, the supposed implication does not follow; but the pleas would in effect deny it. Hasbrouck, by saying that he did not promise, or the action did not accrue against him, infra sex annos, would, on the plaintiff^ own reasoning, extend the statute to Wyckoff; for the plaintiff says, Wyckoff’s promise is Hasbrouck’s. The plaintiff should, therefore, have replied, that the action did accrue, &c. and the defendant did promise, &c. within six years; and then availed himself of Wyckoff’s promise, if any, as matter of evidence on issues thus formed.
The objection, however, has no application to the second plea, which is general-—non accrevit, &c.; and though Hasbrouck adds, in manner, &c. as the plaintiff has complained .against him, this does not narrow the import of the general words, that the said causes of action did not accrue within six years.
There is, however, one defect in the third plea which seems to be fatal. That plea claims to answer all the counts; but is an answer only to the second and third. Non assiimpsit infra sex annos, is not a good plea to the first count, which sets forth a promissory note payable at a day subsequent to its date. (Ballat. on Lim. 216 to 217, Tillinghast's ed. and cases there cited.)
*563 Judgment must therefore be entered against the plaintiff on his demurrer to the second plea; and for him on his demurrer to the third plea»
Judgment accordingly."